JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS the motion to dismiss

Before the Court is a motion to dismiss filed by Defendant Department of Veterans Affairs ("Defendant" or "VA"). *See* Dkt. # 29 ("*Mot.*"). Plaintiff Rashid El Malik ("Plaintiff"), proceeding pro se, has opposed, *see* Dkt. # 30 ("*Opp.*"), and Defendant replied, *see* Dkt. # 31 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion to dismiss.

I.   Background

   A.   Factual Background

The following factual allegations are taken from Plaintiff's First Amended Complaint ("FAC"). Plaintiff is a veteran with multiple disabilities. *See First Amended Complaint*, Dkt. # 24 ("*FAC*"), ¶ 7. In 2012, a VA doctor issued Plaintiff a motorized wheelchair. *See id.* ¶ 9. In 2014, Plaintiff applied for veterans benefits through the Vocational Rehabilitation and Employment ("VR&E") service of the VA to adapt his home to accommodate his disabilities. *See id.*

In 2019, Plaintiff discovered a September 2018 memorandum that summarized a telephone call that VA employee Laura Georgi had with VA employee Woodrow Anthony Roeback. *See id.* ¶ 10, Ex. A. The memorandum allegedly contained false statements besmirching Plaintiff's moral character, and was used by the VA to deny his claims for veterans benefits. *See id.* Specifically, Plaintiff alleges that due to the inaccurate information, Georgi denied Plaintiff's request for benefits under 38 U.S.C. § 1151. *See id.* ¶¶ 2, 10–11, 24–27, 30. Also due to this false information, the Board of Veterans' Appeals ("BVA") denied Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

requests for home adaptation benefits. *See id.* ¶¶ 10–11, 20, 24, 30. Plaintiff alleges that Georgi, Michael Lyon, the Veterans Law Judge who signed the BVA's decision, and Christopher Murray, an attorney for the BVA, should have contacted the district court or Plaintiff to verify the statements contained in the September 2018 memorandum. *See id.* ¶¶ 12, 16–17, 19, 22, 31. Plaintiff alleges that by failing to do so, Georgi, Lyon, and Murray violated 5 U.S.C. § 552a(e)(2) and (e)(5). *See id.* ¶¶ 12, 18–21, 35–36.

Plaintiff alleges that he has suffered harm as a result. *See id.* ¶ 33. He alleges that the false statements "caused unreasonable and unjustified delays in the adaptation of [his] home causing undue and continued pain and suffering." *See id.* ¶ 41. He also alleges that the statements have "impaired [his] moral character" and have "adversely affect[ed] [his] business and profession." *See id.* ¶ 44. Plaintiff seeks $400,000 in actual damages, and $1.5 million for pain, suffering, insomnia, loss of consortium, emotional stress, and legal fees. *See id.*, *Prayer for Relief*.

B. Procedural Background

Plaintiff initiated this action on November 4, 2019. *See* Dkt. # 1. Subsequently, Plaintiff filed a motion for leave to amend the complaint and add defendants, which the Court granted. *See* Dkt. # 19. Plaintiff filed the FAC against the VA, Roeback, Georgi, Lyon, and Murray, and brings the following causes of action:

First Cause of Action: Violation of 5 U.S.C. § 552a, Records maintained on individuals. *FAC* ¶¶ 35–37.

Second Cause of Action: False statements relating to health care matters against the VA and agents, 18 U.S.C. § 1035. *Id.* ¶¶ 38–40.

Third Cause of Action: Libel against the VA and agents, 5 U.S.C. § 552a(g)(1)(D). *Id.* ¶¶ 41–42.

Fourth Cause of Action: Slander against the VA and agents, "5 U.S.C. § 55a(g)(1)(D) [sic]." *Id.* ¶¶ 43.

Fifth Cause of Action: Slander per se against the VA and agents, "5 U.S.C. § 55a(g)(1)(D) [sic]." *Id.* ¶ 44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

<u>Sixth Cause of Action</u>: FOIA release of unauthorized personal documents. *Id.* ¶¶ 45–48.

Defendants move to dismiss the FAC. *See generally Mot.*

II.   <u>Legal Standard</u>

Federal courts have limited jurisdiction and therefore only possess power authorized by Article III of the United States Constitution and statutes enacted by Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts cannot consider claims for which they lack subject matter jurisdiction. *See Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).

Federal Rule of Civil Procedure 12(b)(1) provides for a party, by motion, to assert the defense of "lack of subject-matter jurisdiction." This defense may be raised at any time, and the Court is obligated to address the issue sua sponte. *See* Fed. R. Civ. P. 12(h)(1) (providing for waiver of certain defenses but excluding lack of subject matter jurisdiction); *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction."). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenging party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See id.*

III.   <u>Discussion</u>

Defendants move to dismiss the FAC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See generally Mot.* The Court addresses Defendants' arguments that the Court lacks subject matter jurisdiction over Plaintiff's Privacy Act claims and non-Privacy Act claims in turn. Because the Court agrees with Defendants that the Court lacks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

jurisdiction, it does not reach Defendants' alternative argument that Plaintiff has failed to plead a claim for relief under the Privacy Act.

    A.    <u>First Cause of Action: Privacy Act Claims against the VA</u>

Plaintiff's first cause of action brings a claim under the Privacy Act, and Plaintiff's other causes of action at times appear to bring Privacy Act claims, as well. *See FAC* ¶¶ 35–48.

The Privacy Act, 5 U.S.C. § 552a, governs the collection and dissemination of information and maintenance of records by the government. The Privacy Act gives district courts civil jurisdiction to hear actions whenever any agency

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual . . . .

5 U.S.C. § 552a(g)(1)(C). Another basis of exercising jurisdiction is whenever any agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(D). If the court finds the agency acted intentionally or willfully, actual damages may be recovered from the United States as well as costs and attorney fees. 5 U.S.C. § 552a(g)(4).

As relevant here, the Privacy Act requires agencies to "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs," 5 U.S.C. § 552a(e)(2), and "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination," 5 U.S.C. § 552a(e)(5).

Here, Plaintiff alleges that the VA and its agents violated 5 U.S.C. § 552a(e)(2) and (e)(5) by creating and maintaining the September 2018 memorandum in his VA claims file, and that the VA is liable for damages under the Privacy Act pursuant to 5 U.S.C. § 552a(g)(1)(D) because his requests for § 1151 benefits and home adaptation benefits were denied as a result of the memorandum. *See FAC* ¶¶ 12, 16, 18, 21, 35–37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

However, pursuant to the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a), a district court lacks jurisdiction to review a claims decision by the VA. The VJRA provides that the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." Subject to exceptions in Subsection (b), the "decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

The VJRA applies to cases that involve benefits owed to veterans. Through the Act, "[f]irst, Congress has expressly disqualified [district courts] from hearing cases related to VA benefits . . . and second, Congress has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012). The Ninth Circuit has explained that "§ 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that *relate to benefits decisions*, including any decision made by the Secretary in the course of making benefits determinations." *Id.* (internal quotation marks and citations omitted) (emphasis added). "This standard is consistent with Congress's intention to 'broaden the scope' of the judicial preclusion provision." *Id.* "This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Id.* "The test is whether review requires consideration of predicate 'questions of law and fact . . . under a law that *affects* the provision of benefits.'" *Gila River Indian Cmty. v. United States Dep't of Veterans Affairs*, 899 F.3d 1076, 1080 (9th Cir. 2018).

For a veteran seeking review, there is an established administrative review process. The VA adjudicates a veteran's claims in a "two-step process, beginning with a regional office that processes claims and makes an initial decision," and a veteran may appeal that decision to the VA's Board of Veterans' Appeal, which makes the agency's final decision. *Recinto v. United States Dep't of Veterans Affairs*, 706 F.3d 1171, 1174 (9th Cir. 2013). From there, a veteran can appeal that decision in the manner established by the VJRA, to an Article I court called the United States Court of Appeals for Veterans Claims, and, on further appeal, those decisions are reviewed by the Federal Circuit. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

A number of courts have held that the VJRA bars Privacy Act claims that would require judicial review of a veterans benefits decision. For example, in *Rosen v. Walters*, the Ninth Circuit held that the VJRA barred a veteran's Privacy Act claim that arose from improper destruction of medical records which he argued resulted in an adverse VA disability decision. 719 F.2d 1422, 1423–25 (9th Cir. 1983). In concluding that the veteran's Privacy Act claim was barred, the Ninth Circuit explained:

> "Rosen's damage claim [under the Privacy Act] would require the district court to determine not only that the VA intentionally failed to maintain complete records, but also whether, but for the missing records, Rosen should have been awarded disability benefits. This would involve a review of the prior adverse VA decision to determine whether the absent evidence affected the result and, if the court so concludes, it must then act as the Veterans Administration itself, applying benefits rules to the facts in order to determine the correct award of disability had the files been adequately maintained. Such review by the district courts would necessarily run counter to the purposes of [the VJRA]. First, it would open the back door to judicial review to perhaps an overwhelming number of veterans disability lawsuits. A disgruntled claimant need only argue the VA willfully failed to maintain complete records in order to secure Privacy Act review. Secondly, it would require the courts to enter the VA's exclusive dominion over eligibility decisions and veterans' benefits policy."

*Id.* at 1425; *see also Hunt v. United States Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) ("The district court lacked subject matter jurisdiction over appellant's Privacy Act claims for damages because the claims are based on the assertion 'that the VA's failure to maintain accurate and complete records adversely affected [a veteran's] benefits determinations.'"); *Melvin v. United States Dep't of Veterans Affairs*, 70 F. Supp. 3d 350, 358 (D.D.C. 2014); (dismissing Privacy Act claims whose "purpose or effect . . . is to challenge the underlying [VA] benefits determinations as a consequence of the alleged Privacy Act violations").

Here, as in *Rosen*, Plaintiff's Privacy Act claim is based on alleged false or incomplete statements in VA records, which caused the VA to refuse to award him veteran's benefits and equipment and adaptations to his home. *See generally FAC*; *Rosen*, 719 F.2d at 1422–25. Plaintiff's claims are based on the VA's willful failure to maintain accurate records, adversely affecting his benefits determination. Review of Plaintiff's claim would require the Court to determine not only that the VA intentionally failed to maintain accurate records by creating and maintaining the September 2018 memorandum but also, but-for the existence of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

memorandum in Plaintiff's VA claims file, Plaintiff should have been awarded the benefits he sought. However, this would require the Court to impermissibly "enter the VA's exclusive dominion over eligibility decisions and veterans' benefits policy," *Rosen*, 719 F.2d at 1425, and review a VA decision that "relate[s] to benefits decisions," *Shinseki*, 678 F.3d at 1023.[1]

In opposition, Plaintiff argues that the VJRA does not bar his Privacy Act claims due to the exception in 38 U.S.C. § 511(b): "matters subject to section 502 of this title." 38 U.S.C. § 511(b)(1); *Opp.* 2:28–3:31. But section 502 provides that an action of the Secretary to which 5 U.S.C. § 552(a)(1) (FOIA) or 5 U.S.C. § 553 (which governs rule-making) refers is subject to judicial review. *See* 38 U.S.C. § 502. That section does not provide for judicial review over Privacy Act claims, and Plaintiff's Privacy Act claim does not fall within the sections specified. *See FAC* ¶¶ 35–37. Regardless, section 502 goes on to state that "[s]uch review . . . may be sought only in the United States Court of Appeals for the Federal Circuit." *See* 38 U.S.C. § 502. Accordingly, that exception does not apply to give this Court jurisdiction over Plaintiff's Privacy Act claims.

Plaintiff also cites in opposition provisions of the Administrative Procedure Act ("APA"). *See Opp.* 3–4. However, Plaintiff does not allege any causes of action under the APA in his FAC, nor does he seek remedies under the APA. *See generally FAC*; *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

The Court **GRANTS** the motion to dismiss and **DISMISSES** the first cause of action against the VA for lack of jurisdiction, as well as other causes of action to the extent they are predicated on these Privacy Act allegations.

    B.    <u>Sixth Cause of Action: Criminal Claim</u>

Plaintiff alleges in his sixth cause of action a separate claim for damages arising from an alleged wrongful disclosure, where the VA disclosed Plaintiff's personal information, for which he seeks the imposition of criminal penalties against Roeback under 5 U.S.C. § 552a(i)(1). *See FAC* ¶¶ 45–48.

---

[1] The VA also points out that Plaintiff is currently seeking review in the Veterans Court of the BVA decision that was adverse to him due to the September 2018 memorandum. *See Mot.* 9:21–25 (citing *El Malik v. Wilkie*, No. 19-3611 (Vet. App.)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

The Court lacks jurisdiction over Plaintiff's claim because the criminal penalties provision of the Privacy Act does not create a private right of action. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1448 (9th Cir. 1985) ("This section [5 U.S.C. § 552a(i)(1)] provides for criminal penalties only, and generates no civil right of action."). Although this cause of action is labeled "FOIA," based on Plaintiff's allegations under this cause of action and his reference to 5 U.S.C. § 552a(i)(1), as well as that he seeks only damages, it does not appear that Plaintiff seeks relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). *See FAC* ¶¶ 45–48. Because Plaintiff has pled a cause of action for criminal penalties under the Privacy Act, the Court **DISMISSES** Plaintiff's sixth cause of action.

    C.    <u>Second, Third, Fourth, and Fifth Causes of Action: Non-Privacy Act Claims against the VA</u>

The Privacy Act authorizes civil actions only for violations of the Privacy Act. *See* 5 U.S.C. § 552a(g)(1). Plaintiff's second cause of action, for false statements relating to health care matters against the VA and agents, is brought under 18 U.S.C. § 1035. *FAC* ¶¶ 38–40. But that statute is a criminal statute that does not create a private cause of action. *See* 18 U.S.C. § 1035. Plaintiff's third, fourth, and fifth causes of action reference the Privacy Act, 5 U.S.C. § 552a(e)(5) and (2), and invoke 5 U.S.C. § 552a(g), *see FAC* ¶¶ 41–44, and to the extent they substantively raise Privacy Act claims they are subject to the same analysis as above. Plaintiffs' claims are related to the alleged false statements made in the memorandum, which resulted in a denial of benefits, and in general "review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA," and this is true "even where the veteran has challenged some other wrongful conduct that, although unrelated to the VA's ultimate decision on his claim, affected his or her benefits proceeding." *Shinseki*, 678 F.3d at 1023. To the extent Plaintiff's third, fourth, and fifth causes of action independently allege the torts of libel, slander, and slander per se against the VA and its employees, the Privacy Act does not provide a jurisdictional basis for bringing these claims and they are not cognizable under the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(h) (any claim arising out of "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," excepted from the Act). Finally, Plaintiff has not opposed the dismissal of his non-Privacy Act claims. *See generally Opp.* Arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

Accordingly, the Court lacks jurisdiction over these claims, and **GRANTS** the motion to dismiss and **DISMISSES** the second, third, fourth, and fifth causes of action.

D.  Individual Defendants

Plaintiff brings this action against the VA as well as various individual VA agents. *See generally FAC*. However, the only proper defendant in an action brought under the Privacy Act is the agency alleged to have committed a violation of the Privacy Act. *See* 5 U.S.C. § 552a(g)(1); *Unt*, 765 F.2d at 1447 ("The private right of civil action created by the Act is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals."). Plaintiff does not plead any other basis for subject matter jurisdiction against the individual Defendants.

In opposition, Plaintiff argues that there is jurisdiction over the individual Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which recognizes a civil remedy against federal officials for violation of some constitutional rights. *See Opp.* 4:21–5:11. But Plaintiff does not plead any claim against any individual Defendant that is cognizable under *Bivens*. *See generally FAC*. Moreover, a *Bivens* action is unavailable because the VJRA provides a "comprehensive, remedial structure" that affords aggrieved veterans "adequate remedial mechanisms for constitutional violations" that may occur in connection with the VA's operations. *Hicks v. Small*, 69 F.3d 967, 970 (9th Cir. 1995) (internal citations and quotations omitted).

IV.  Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court has concluded that Plaintiff's claims must be dismissed because the Court lacks jurisdiction over them. The Court does not see how these issues can be remedied by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9471 PSG (GJSx) | Date | July 8, 2020 |
|---|---|---|---|
| Title | Rashid El Malik v. Department of Veteran Affairs et al. | | |

further pleading, and concludes that granting leave to amend would be futile. Accordingly, leave to amend is **DENIED**.

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss the FAC in its entirety. The Court **DISMISSES** the claims for lack of jurisdiction and without prejudice. This order closes the case.

**IT IS SO ORDERED**.